UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION
JURY

| | | |
|---|---|---|
| Maryell Cavazos, | * | CIVIL ACTION NO. |
| Plaintiff | * | |
| | * | 5:23-CV-110 |
| vs. | * | |
| | * | |
| | * | |
| Gurmail Singh, A & T Brothers Inc, | * | |
| and BHP Bros Inc | * | |
| Defendants | * | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES MARYELL CAVAZOS, hereinafter referred to by name or as Plaintiff, and complains of GURMAIL SINGH, A & T BROTHERS INC, AND BHP BROS INC, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court the following:

## I. LOCAL RULES COMPLIANCE

**1.1** LR5.2 Related Litigation Policy: Plaintiff advises the Court of no related current or recent litigation and of directly affected non-parties that the Plaintiff is aware of.

**1.2** Plaintiff intends to conduct discovery in this case pursuant to LR33 and FEDERAL RULES OF CIVIL PROCEDURE 26 and 33.

## II. PARTIES

**2.1** Plaintiff MARYELL CAVAZOS (hereinafter referred to as Plaintiff CAVAZOS) is an individual and resident of WEBB COUNTY, TEXAS. She may be contacted through her attorney, Paul Bowers of BOWERS LAW, PC 5150 BROADWAY #103, SAN ANTONIO, TEXAS 78209.

1

**2.2** Defendant GURMAIL SINGH ("Singh") is an individual who is California resident. Defendant Singh may be served at his home address of 581 Homestead Ave, Lathrop, CA 95330, or wherever he may be found.

**2.3** Defendant A & T BROTHERS INC ("A & T") is a California corporation with its principal place of business at 1610 RED RIBBONS LANE, Manteca, CA 95337, and may be served with process by serving its registered agent BARINDER HUNDAL at: 1610 RED RIBBONS LANE, MANTECA, CA, 95337.

**2.4** Defendant BHP BROS INC ("BHP") is a California corporation with its principal place of business at 581 Homestead Ave, Lathrop, CA 95330, and may be served with process by serving its registered agent AVTAR SINGH at: 581 Homestead Ave, Lathrop, CA 95330.

### III. SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND VENUE

**3.1** Subject matter jurisdiction is proper in this Court because the amount in controversy is within the jurisdictional limits of the court in which Plaintiff now sues.

**3.2** This court has personal jurisdiction over the parties because all the Plaintiff is a citizen of this State and the Defendants do business in the State of Texas.

**3.3** Pursuant to 28 U.S.C. 1391(b)(2), venue is proper in the Southern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in this District, specifically in Laredo, Webb County, Texas.

**3.4** Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction because Plaintiff and Defendants are citizens of different States (Diversity of citizenship) and because Plaintiff has suffered damages of more than $75,000.

### IV. BACKGROUND

**4.1** This lawsuit is the result of an 18-wheeler colliding into a sedan that occurred near 8417 Amparan Road in Laredo, Texas on June 7, 2022. This incident occurred when Defendants A & T, BHP, and their driver, Singh, unsafely pulled away from a parked position, and struck Cavazos as she

was lawfully and safely passing Singh's 18-wheeler.

**4.2** The Defendants' truck involved in the incident was to transport freight. Defendant Singh, a driver employed by A & T and BHP, was engaged in transporting the freight for the use and benefit of A & T and BHP.

**4.3** Singh was driving the vehicle while in the course and scope of his employment with Defendants A & T and BHP**.** He was driving a truck owned by A & T and BHP.  Singh, recklessly and without concern for the safety of others, unsafely pulled into the road and struck Plaintiff, causing multiple injuries to Plaintiff as well as damage to Plaintiff's vehicle. As a result of these serious injuries, Plaintiff was hospitalized and has received chiropractic, pain management and orthopedic treatment including multiple steroid injections for catastrophic and permanent injuries to her neck, back, and body generally.

**4.4** At the time of the events complained of herein, Singh was acting as an employee, statutory employee, co-employee, representative and/or agent of Defendants A & T and BHP.

**4.5** When Singh was retained to transport freight, A & T and BHP knew or should have known of Singh's driving history, including previous violations, and were responsible for ensuring that they met all requirements to drive for A & T and BHP.

**4.6** At the time of the events complained of herein, A & T and BHP were aware that they each did not have a sufficient training program addressing the extreme dangers of truck drivers unsafely pulling onto the road, the failures to maintain a proper lookout, and other requirements of applicable federal and state driving and trucking regulations.

**4.7** At the time of the events complained of, A & T and BHP were each aware that the incentive programs offered by A & T and BHP and the ambitious delivery schedules were likely to cause Singh to routinely drive in disregard for traffic signs and/or laws.

**4.8** At all material times, all A & T and BHP each exercised control over Singh's work and the means, methods, or details of Singh's driving work, the activity of which caused Cavazos' injuries and damages.

**4.9** A & T and BHP's individual and concurrent acts and/or omissions created the scenario where an untrained and incompetent driver, Singh, acted recklessly and with gross negligence when he drove the Kenworth tractor-trailer violently into the passenger side of Cavazos' Nissan Sentra and caused Cavazos to sustain serious injuries, after enduring excruciating pain. Cavazos has received chiropractic, pain management and orthopedic treatment including steroid injections for catastrophic and permanent injuries to her neck, back, and body generally.

### V. PERSONAL JURISDICTION FACTS SPECIFIC TO ALL DEFENDANTS

**5.1** Each of the Defendants are subject to Personal Jurisdiction in Texas under the Texas Long Arm Statute set forth in the Texas Civil Practices and Remedies Code § 17.042. Specifically, Singh travels to Texas for business on behalf of A & T and BHP. Each of the Defendants contracts with each other in Texas, as recruits and utilizes Texas residents as in connection with their business while physically in Texas. Therefore, based on more-than-a-century-old precedent from the United States Supreme Court, these Defendants have consented to and are thus subject to general jurisdiction in Texas.[1]

---

[1] *Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Min. & Mill. Co.,* 243 U.S. 93, 96, 37 S. Ct. 344, 345, 61 L. Ed. 610 (1917) ("[W]hen a power actually is conferred by a document, the party executing it takes the risk of the interpretation that may be put upon it by the courts. The execution was the defendant's voluntary act."); *See* Exhibit _, *Rodriguez, et. Al v. Ford Motor Co.* (New Mexico Court of Appeals, December 20, 2018) ("In this appeal, we consider whether Ford consented to general personal jurisdiction in New Mexico courts when it registered to do business here. To answer this question, we must determine whether the United States Supreme Court's decision in *Pennsylvania Fire Insurance Co. of Philadelphia v. Gold Issue Mining & Milling Co.,* 243 U.S. 93 (1917), and this Court's decision in *Werner v. Wal-Mart Stores, Inc.* 1993-NMCA-I 12, 116 N.M. 229, 861 P.2d 270, remain binding precedent in light of the evolution of general jurisdiction jurisprudence found in *International Shoe Co. v. Washington*, 326 U.S. 310,319 (1945), and *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). We recognize the tension between the two lines of cases. Nevertheless, because we conclude that both *Pennsylvania Fire* and *Werner* are still binding, we conclude that Ford consented to general jurisdiction in New Mexico.); *See* Exhibit _, *Scanlan v. Subaru* (Georgia, December 28, 2018); *Webb-Benjamin, LLC v. Int'l Rug Group, LLC,* 2018 PA Super 187, 192 A.3d 1133, 1139 (2018), reargument denied (Aug. 28, 2018) ("[D]efendants filed a motion to dismiss alleging, in part, a lack of personal jurisdiction. They argued that pursuant to Daimler, consent by registration was no longer a valid method of obtaining personal jurisdiction. The Court…disagreed, holding that…a corporation that applies for and receives a certificate of

**5.2** To the extent Defendants argue that the cases cited by Plaintiff are from jurisdictions other than Texas, Plaintiff reminds the Court that the Texas Long Arm statute extends as far as the United States Constitution will allow, and the Texas Supreme Court has specifically acknowledged its reliance on United States Supreme Court precedent, as well as that from other courts.[2] Because of Texas's broad interpretation, this basis for jurisdiction applies with equal force in Texas, and Defendants are therefore subject to general jurisdiction by consent in Texas by virtue of doing business in Texas.[3]

## VI. CAUSES OF ACTION AGAINST DEFENDANTS GURMAIL SINGH, A & T BROTHERS INC, AND BHP BROS INC

*CAUSES OF ACTION AGAINST DEFENDANT GURMAIL SINGH*

### A. NEGLIGENCE/NEGLIGENCE PER SE

**6.1** The occurrence made the basis of this suit, reflected in the above paragraphs and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant Singh, who operated his vehicle with malice and in a negligent, careless, and reckless manner because he violated the duty which he owed to Plaintiff to exercise ordinary care in the operation of his 18-wheeler.

**6.2** Defendant Singh had a duty to exercise the degree of care that a reasonable careful driver would use to avoid harm to others under circumstances similar to those described herein.

**6.3** Defendant breached his duty to Cavazos when Singh, with the permission and ratification of the other Defendant, initiated the extremely dangerous act of driving recklessly, which caused him to collide with Cavazos' vehicle.

---

authority to do business in Pennsylvania consents to general jurisdiction of state and federal courts in Pennsylvania." … [W]e conclude that Daimler does not eliminate consent as a method of obtaining personal jurisdiction.").

[2] *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 795 (Texas 2002) ("The Texas long-arm statute governs Texas courts' exercise of jurisdiction, over nonresident defendants. That statute permits Texas courts to exercise jurisdiction over nonresident defendants that "does business" in Texas, and the statute lists some activities that constitutes "doing business." The list of activities, however, is not inclusive. **We have held that section 17.042's broad language extends Texas courts' personal jurisdiction "as far as the federal constitutional requirements of due process will permit."** (internal statutory citations omitted; emphasis added)). *U-Anchor Adver., Inc. v. Burt,* 553 S.W.2d 760, 762 )Tex. 1977) ("Thus, we rely on precedent from the United States Supreme Court and other federal courts, as well as our own State's decisions, in determining whether a nonresident defendant has met its burden to negate all bases of jurisdiction.").

[3] Consistent with registering to do business in Texas, Defendants also maintain a registered agent for service of process in Texas, which is also consistent with consenting to general personal jurisdiction. *See, e.g. Pennsylvania Fire, supra.*

**6.4** Upon information and belief, Singh also failed to maintain an assured clear distance between the Kenworth and other vehicles on the road, failed to keep a proper lookout, and failed to maintain safe instrumentalities on the roadways. These actions contributed to the cause(s) of the collision.

**6.5** Upon information and belief, Singh was not driving pursuant to an implemented safety prevention program to ensure compliance with state and federal regulations.

**6.6** The negligent, careless, and reckless disregard of duty of Defendant Singh, with malice, consisted of, but is not limited to, the following violations of Texas state law, acts and omissions:

    A.    Failing to abide by the above-listed laws of the STATE OF TEXAS which constitutes negligence per se;

    B.    Failing to timely apply the brakes of the vehicle in a timely and prudent manner to avoid the collisions;

    C.    Failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    D.    Failing to turn the vehicle to the right or left in a timely and prudent manner in an effort to avoid the collision in question;

    E.    Failing to blow the horn to warn of imminent collision;

    F.    Failing to take proper evasive action to avoid the collisions;

    G.    Failing to warn others that he would be operating a vehicle recklessly on that day in question;

    H.    Failing to drive in a reasonable and prudent manner;

    I.    Failing to obtain or have the necessary knowledge, training and experience to safely operate his vehicle;

    J.    Failing to maintain control of his vehicle;

K. Failing to exercise the degree of care as would have been exercised by a driver of ordinary prudence under the same or similar circumstances;

L. Failing to regard the safety and welfare of other drivers and pedestrians;

M. Failing to operate the truck at a speed that an ordinary, reasonable person would under the then-existing circumstances;

N. Failing to keep such distance away from Cavazos' vehicle as an ordinary, reasonable person would.

***O.*** §545.401 (A) RECKLESS DRIVING: Driving recklessly in disregard for the safety of persons or property in violation of the TEXAS TRANSPORTATION CODE, SECTION 545.401(A), pursuant to negligence per se which mandates that:

i. A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

**6.7** Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future, likely for the remainder of her natural life.

**6.8** The negligence of Defendant Singh, by violating the above-listed statutes in the TEXAS TRANSPORTATION CODE, constitutes negligence as a matter of law.

**6.9** Defendant Singh's conduct described herein constitutes an unexcused breach of duty imposed by the traffic laws and regulations of the United States, the State of Texas, including but not limited to the TEXAS TRANSPORTATION CODE.

**6.10** Plaintiff was a member of the class of drivers and passengers using roads and highways of Texas that these laws and regulations were designed to protect.

**6.11** Defendant Singh's unexcused breach of the duty imposed by these laws and regulations

proximately caused Plaintiff's injuries described herein.

**B.**     **GROSS NEGLIGENCE/EXEMPLARY DAMAGES**

**6.12**    Defendant Singh had a duty to exercise the degree of care that a reasonably careful driver would use to avoid harm to others under circumstances similar to those described herein.

**6.13**    As set out above, Defendant's actions constitute not only negligence, but also gross negligence with malice. Defendant's negligent and malicious conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

**6.14**    Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded with malice and in conscious indifference to the rights, safety, or welfare of Plaintiff, or others similarly situated.  As a result, each of Defendant's acts and omissions constitute malice and gross negligence and Plaintiff is entitled to the recovery of exemplary damages.

**6.15**    Plaintiff realleges and incorporates each and every allegation and fact contained in this pleading as though set forth fully herein.

**6.16**    At the time of the collision, the State of Texas had in full force and effect various traffic statutes that Defendant violated and/or participated in violating including, but not limited to, the following:

   A.    In operating the truck at a greater speed than is reasonable and prudent under the conditions in violation of Texas Transportation Code§ 545.351 (b)(l);

   B.    In failing to control the speed of the truck as necessary to avoid colliding with another vehicle in violation of Texas Transportation Code§ 545.351 (b)(2);

   C.     In willful and wanton disregard for the safety of persons and property in Violation of Texas Transportation Code§ 545.401 (a);

D. In recklessly engaging in conduct that placed another in imminent danger of serious bodily injury in violation of Texas Transportation Code§ 545.421 (d);

E. In failing to maintain an assured, clear stopping distance between the two vehicles in violation of the Texas Transportation Code § 545.062 (a)

J. In engaging in conduct that violates Texas Penal Code § 19.01.

**6.17** Plaintiff seeks exemplary damages pursuant to SECTION 41.003(A)(3), TEXAS CIVIL PRACTICE & REMEDIES CODE, to recover punitive and exemplary damages against Defendant, based on the Defendant's knowledge of the extreme degree of risk involved to Plaintiff, and conscious indifference to the rights, safety, and welfare of others.

### C. AIDING AND ABETTING LIABILITY

**6.18** By the course of conduct, acts, and omissions alleged herein, Defendant Singh intentionally aided and abetted each other Defendant, by assisting and participating with, and by assisting or encouraging each other, as well as the other Defendant, to commit the tortious result—including, but not limited to, the injuries of Plaintiff Cavazos.

**6.19** By reason of all the above, Plaintiff Cavazos suffered losses and damages in a sum within the jurisdictional limits of this Court, and for which Plaintiff now sues.

### *CAUSES OF ACTION AGAINST DEFENDANT A & T BROTHERS INC AND BHP BROS INC*

### D. RESPONDEAT SUPERIOR/ VICARIOUS LIABILITY

The following factual contentions in paras. 6.20 through 6.46 will likely have further evidentiary support after a reasonable opportunity for further investigation or discovery.

**6.20** On June 7, 2022, Defendants A & T and BHP were individually and concurrently jointly responsible for the operational safety of its vehicles and drivers, respectively. As such, A & T and BHP were individually and concurrently liable and responsible to Plaintiff for its employees' and/or agents acts, omissions, and negligence, which was a proximate cause of Plaintiff's damages, under the

9

legal doctrine of *Respondeat Superior*.

**6.21** At the time of the occurrence of the act in question and immediately prior thereto, Singh was within the course and scope of employment for Defendants A & T and BHP.

**6.22** At the time of the occurrence of the act in question and immediately prior thereto, Singh was engaged in the furtherance of Defendants A & T and BHP's business.

**6.23** At the time of the occurrence of the act in question and immediately prior thereto, Singh was engaged in accomplishing a task for which Singh was employed.

**6.24** Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendants A & T and BHP.

**E.  NEGLIGENCE**

**6.25** Plaintiff realleges and incorporates each and every allegation and fact contained in this pleading as though set forth fully herein.

**6.26** Defendants A & T and BHP were individually and concurrently jointly negligent in one or more of the following respects:

    a. negligent hiring;

    b. negligent entrustment;

    c. negligent qualifications;

    d. negligent vehicle monitoring;

    e. negligent retention;

    f. negligent management;

    g. negligent contracting;

    h. negligent maintenance;

    i. negligent training;

    j. negligent operating; and

    k. negligent supervision.

**6.27** At the time of the collision, the State of Texas had in full force and effect various traffic statutes that Defendants A & T and BHP violated and/or participated in violating including, but not limited to, the following:

    A.    In operating the truck at a greater speed than is reasonable and prudent under the conditions in violation of Texas Transportation Code§ 545.351 (b)(l);

    B.    In failing to control the speed of the truck as necessary to avoid colliding with another vehicle in violation of Texas Transportation Code§ 545.351 (b)(2);

    C.    In willful and wanton disregard for the safety of persons and property in Violation of Texas Transportation Code§ 545.401 (a);

    D.    In recklessly engaging in conduct that placed another in imminent danger of serious bodily injury in violation of Texas Transportation Code§ 545.421 (d);

    E.    In failing to maintain an assured, clear stopping distance between the two vehicles in violation of the Texas Transportation Code § 545.062 (a)

    F.    In engaging in conduct that violates Texas Penal Code § 19.01.

**6.28** Defendants A & T and BHP further breached their duty to Cavazos when Singh, with the permission and ratification of A & T and BHP, initiated the extremely dangerous act of driving recklessly and far exceeding a safe speed, which caused him to collide with Cavazos' vehicle.

**6.29** Upon information and belief, Singh also failed to maintain an assured clear distance between the Kenworth and other vehicles on the road; failed to keep a proper lookout; and failed to maintain safe instrumentalities on the roadways. These actions contributed to the cause of the collision.

**6.30** Upon information and belief, Singh was not driving pursuant to an implemented safety prevention program established or required by A & T and BHP to ensure compliance with state and federal regulations.

**6.31** At the time of the collision, the Kenworth truck was being utilized for the sole purpose of

benefitting A & T and BHP economically. Thus, when the collision occurred, Singh, A & T and BHP were the individual and/or joint owners and operator of the Kenworth.

**6.32** Defendants owed a duty to its other employees and to the general public to acquire the qualifications and competence of the drivers they hire, especially when agents are engaged in occupations that require skill or experience and that could be hazardous to the safety of others.

**6.33** When A & T and BHP hired Singh to transport the freight, they knew or should have known of Singh's incompetence, recklessness and dangerous proclivities as a truck driver, yet A & T and BHP ignored the hiring and training risks, all to the detriment of Cavazos and other motorists.

**6.34** In addition, at the time of A & T and BHP's retention of Singh and on the day of the collision:

a. Defendants entrusted the Kenworth truck to Singh during the hours he was captive to A & T and BHP;

b. A & T and BHP individually and concurrently knew or should have known that Singh was an unlicensed, incompetent, or reckless driver;

c. Information in Singh's background check would cause a reasonable employer to not hire him or was sufficient to put A & T and BHP on notice that hiring Singh would create a risk of harm to the public;

d. A & T and BHP individually and concurrently knew or should have known that Singh had not been trained to avoid unsafely pulling away from a parked position to accomplish the transport;

e. A & T and BHP individually and concurrently knew that the route assigned to Singh on the day of the collision would likely require him to speed, drive recklessly and disobey traffic signs;

f. Here, as a result of Singh's previous driving habits, he was physically incapacitated or lacking in judgment or perception, all of which should have been known by A & T and BHP;

g. The risk that caused the entrustment or hiring to be negligent caused the collision at issue;

h. A & T and BHP were individually and concurrently negligent on the occasion in question;

12

and

   i. A & T and BHP's negligence proximately caused the collision, CAVAZOS' severe injuries, mental anguish, and damages sustained by CAVAZOS'.

**6.35** A & T and BHP individually and concurrently retained contractual control over Singh's operation of the delivery truck by virtue of the third-party agreements.

**6.36** Singh's also operated as a joint enterprise with the other Defendants where there was an agreement among the members of the group, a common purpose, a common pecuniary interest, and an equal right of control over the enterprise. In the alternative to the extent necessary, A & T and BHP operated as alter-egos of each other.

**6.37** Accordingly, A & T and BHP are vicariously liable for the negligent inspection, planning, and operation of the truck to the extent the negligence and gross negligence occurred in Singh's course of work and/or when the truck was used by him for A & T and BHP's benefit.

**6.38** Singh was also acting (e.g. operating the truck) within the general authority given to him by one or more of the Defendants, in furtherance of A & T and BHP's businesses and for the accomplishment of the object for which Singh was employed.

**6.39** Defendants' conduct and/or omissions, singularly or collectively, constitute a breach of duties owed by contract, statutory provisions, common law, and other authorities, the breach of which proximately caused damages to Plaintiff.

**6.40** As described herein, A & T and BHP were negligent on the occasion in question. A & T and BHP's individual and concurrent negligence was the proximate cause of Plaintiff's damages.

**6.41** Plaintiff pleads further that A & T and BHP's individual and concurrent negligence as listed above manifested itself in the following acts and/or omissions of negligence that proximately caused the occurrence in question and the damages and injuries sustained by Plaintiff:

   i. Failing to properly train its drivers and employees;

ii. Failing to establish an adequate safety program;

iii. Failing to adequately supervise its drivers and employees;

iv. Failing to properly qualify its drivers and employees;

v. Failing to establish adequate policies and/or adequately enforce policies for its drivers and employees;

vi. Negligently hiring, retaining, supervising Singh who was unqualified, incompetent, and a careless driver and/or employee;

vii. Failing to promulgate and enforce company policies regarding the hours of operation in accordance with Federal Standards;

viii. Defendants A & T and BHP failed fully to investigate Singh's recklessness as a driver, and continuing to employ Singh, all in Violation 0f 49 CFR §391 and similar Texas provisions;

ix. Singh, with permission from Defendants, operated the truck unsafely and not in conformance with state and federal regulations or standards including, but not limited to, Sections 2 and 3 0f the Texas Commercial Motor Vehicle Handbook;

x. Assigning Singh to a delivery route that Defendants knew he could not complete without violating various traffic statutes;

xi. Adopting a financial incentive that encourages its delivery providers to speed and unsafe driving;

xii. Failing to verify its delivery drivers are insured and authorized uninsured drivers to deliver goods;

xiii. Failing to properly train Singh and its other drivers on the dangers of operating the delivery vehicles;

xiv. Failing to prohibit drivers from disobeying traffic signs to meet delivery promises;

xv. Deliberately ignoring the severity of the dangers involved in ambitious and aggressive delivery schedules;

xvi. Failing to implement effective driver safety training programs, especially considering that A & T and BHP drivers continually drive recklessly, repeatedly violating virtually every driving and safety regulation on the books;

xvii. Entrusting the truck to Singh, an incompetent or reckless driver, whom the other Defendants knew or should have known was incompetent, and/or reckless, and whose negligence on the day of the collision was the proximate causes of the collision;

xviii. Authorizing and/or tacitly ratifying the grossly negligent acts of its truckers hurriedly making deliveries;

xix. Defendants committed gross negligence through the actions or inactions of Singh and his supervisor, both of whom have the authority to employ, direct, and discharge servants of Defendants;

xx. Singh's decision to impede Plaintiff's right of way;

xxi. Failing to exercise that degree of care that other drivers would have exercised in maintaining an assured clear distance between vehicles, keeping a proper lookout, turning safely, taking evasive action, warning other drivers and/or operating a dangerous instrumentality on the roadways;

xxii. Violating the general duty under state and federal regulations including, but not limited t0, 49 CFR §396.3, of a trucking company to maintain its vehicles and trailers in good working order, to maintain repair records and inspection

  reports, and to make periodic inspections of each truck and trailer;

 xxiii. failing t0 properly inspect the truck before placing the crude oil load on the roadway, as required by state and federal regulations including, but not limited to, CFR §396.13;

 xxiv. Failing to ensure that the truck had been properly and timely inspected as required by state and federal regulations including, but not limited to, 49 CFR §396.17 and §396.21;

 xxv. Failing to ensure that the truck was situated and maintained in compliance with the requirements of state and federal regulations including, but not limited to, 49 CFR §396.5 (b);

 xxvi. Failing to ensure that the truck was situated and maintained in compliance with the requirements of state and federal regulations including, but not limited t0, 49 CFR §396.3 (a)(l); and

 xxvii. Failing to ensure that the truck was situated and maintained in compliance with state and federal regulations including, but not limited to, 49 CFR §393.55 (e).

**F. GROSS NEGLIGENCE/EXEMPLARY DAMAGES**

**6.42** As set out above, Defendants' A & T and BHP's individual and concurrent actions constitute not only negligence, but also gross negligence with malice. Defendants' negligent and malicious conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

**6.43** Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with malice and in conscious indifference to the rights, safety, or welfare of Plaintiff, or others similarly

situated. As a result, each of Defendant A & T and BHP individual and concurrent acts and omissions constitute malice and gross negligence and Plaintiff is entitled to the recovery of exemplary damages.

**6.44** Plaintiff seeks exemplary damages pursuant to SECTION 41.003(A)(3), TEXAS CIVIL PRACTICE & REMEDIES CODE, to recover punitive and exemplary damages against Defendants, based on the Defendants' knowledge of the extreme degree of risk involved to Plaintiff, and conscious indifference to the rights, safety, and welfare of others.

**G.     AIDING AND ABETTING LIABILITY**

**6.45** By the course of conduct, acts, and omissions alleged herein, Defendants A & T and BHP individually and concurrently intentionally aided and abetted, by assisting and participating with each and every other Defendant, and by assisting or encouraging each other, to commit the tortious result—including, but not limited to, the injuries of Plaintiff.

**6.46** By reason of all the above, Plaintiff suffered losses and damages in a sum within the jurisdictional limits of this Court.

**VII.     DAMAGES**

**7.1** As a direct and proximate result of the negligent conduct of the Defendants, Plaintiff suffered severe bodily injuries to her neck, back, and other parts of her body generally.

**7.2** These injuries are permanent in nature. These injuries have had a serious effect on her health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life.

**7.3** As a further result of the nature and consequences of his injuries, Plaintiff suffered great

physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

**7.4** As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

**7.5** As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

**7.6** As a consequence of the injuries sustained by the Plaintiff, she has sustained physical impairment and disfigurement. In all reasonable probability, this disability will cause her to suffer long into the future, if not for the balance of her natural life.

**7.7** As a further consequence of the injuries sustained by the Plaintiff, she has suffered loss of past wage-earning capacity, and due further to her injuries, has experienced a loss of future wage-earning capacity.

**7.8** By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now files suit.

## XIII.  EXEMPLARY DAMAGES

**8.1** The Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with in conscious indifference to the rights, safety, or welfare of the Plaintiff, and other similarly situated. As a result, each of the Defendants' acts and omissions constitute gross negligence and Plaintiff is entitled to the recovery of exemplary damages.

## IX.  INTEREST

**9.1** Plaintiff further request both pre-judgment and post judgment interest on all their damages as

allowed by law.

## X. REQUEST FOR JURY TRIAL

**10.1** Plaintiff demands that this case be decided by a jury Plaintiff acknowledges payment of the required jury fee.

## XI. PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**11.1** Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, log books, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Requests that Defendants be cited to appear and answer, and on final trial hereafter, that Plaintiff has judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Physical pain in the past;
2. Physical pain in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;

7. Physical impairment in the past;

8. Physical impairment in the future;

9. Physical disfigurement in the past;

10. Physical disfigurement in the future;

11. Lost wages in the past;

12. Loss of future earning capacity;

13. Loss of use;

14. Prejudgment interest;

15. Post judgment interest; and

16. Exemplary damages.

**RESPECTFULLY SUBMITTED,**

BOWERS LAW, PC
5150 BROADWAY #103
SAN ANTONIO, TEXAS 78209
E: paul@ptbfirm.com
P: 713-907-7680
F: 210-634-2461
E-service: service@ptbfirm.com
BY: */S/ Paul Bowers*
PAUL BOWERS
Attorney-in-Charge
STATE BAR NO.: 24078247
SDTX BAR NO.: 1733777

Pursuant to F. R. Civ. Pro. 11(b), the above attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, this complaint:

    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.